IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION,            :
                                  :
          Plaintiff,              :
                                  :
     v.                           :   C.A. No. 09-484-JJF
                                  :
WEBXCHANGE INC.,                  :
                                  :
          Defendant.              :

---

Derrick W. Toddy, Esquire; Klaus H. Hamm, Esquire; John D. Vandenberg, Esquire; Garth A. Winn, Esquire of KLARQUIST SPARKMAN, LLP, Portland, Oregon.
Steven J. Balick, Esquire; John G. Day, Esquire; and Lauren E. Maguire, Esquire of ASHBY & GEDDES, Wilmington, Delaware.

Attorneys for Plaintiff.

Lawrence B. Goodwin, Esquire; Stefan R. Stoyanov, Esquire; Peter J. Toren, Esquire; Charlotte Pontillo, Esquire; and Steven D. Chin, Esquire of KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, New York, New York.
Jack B. Blumenfeld, Esquire and Julia Heaney, Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

May 3l, 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is Defendant WebXchange Inc.'s Motion For Attorney's Fees (D.I. 24). For the reasons discussed, WebXchange's Motion will be denied.

## I. Background

On March 5, 2008, WebXchange Inc. ("WebXchange") instituted three patent infringement actions against Allstate Insurance Company, et al., Dell, Inc., and FedEx Corporation, et al. in the United States District Court for the District of Delaware (the "Related Cases").[1] The three patents-in-suit asserted by WebXchange in the Related Cases are the same patents-in-suit as in this action. (D.I. 27, Pontillo Decl. ¶ 3.) Defendants in the Related Cases used Microsoft's Visual Studio software to create some of the products WebXchange accused of infringement in the Related Cases. (D.I. 1 ¶¶ 4, 6.)[2]

On November 12, 2008, Microsoft filed a declaratory judgment action against WebXchange in the United States District Court for the Northern District of California (the "California action"), seeking declarations that: 1) the patents-in-suit were not infringed by Microsoft's licensing of its Visual Studio software, or by its customers' use of Virtual Studio to create Web

---

[1] WebXchange Inc. v. Allstate Ins. Co. et al., C.A. No. 08-131-JJF; WebXchange Inc. v. Dell Inc., C.A. No. 08-132-JJF; WebXchange Inc. v. FedEx Corp. et al., C.A. No. 08-133-JJF.

[2] Microsoft's Visual Studio software is used in developing Web Services products, including Microsoft MapPoint Web Services and Microsoft Virtual Earth Web Service. (D.I. 1 ¶¶ 1-4.)

Services; and 2) the patents-in-suit were invalid and unenforceable. (Pontillo Decl., Ex. A.) The California action was subsequently dismissed for lack of subject matter jurisdiction. (Id., Ex. C.) Microsoft was given leave to file an amended complaint, but voluntarily withdrew its motion seeking to do so five days after WebXchange filed an Opposition. (Id., Ex. H.)

Microsoft initiated the present declaratory judgment action in this Court approximately four months later, on July 2, 2009, seeking declarations that: 1) Microsoft's actions in connection with Microsoft MapPoint Web Services and Microsoft Virtual Earth Web Services do not infringe any claim of the patents-in-suit; and 2) that the patents-in-suit are invalid and unenforceable. (D.I. 1. ¶¶ 27, 30, 62.) On October 30, 2009, the Court granted WebXchange's Motion To Dismiss Microsoft's Complaint For Lack Of Subject Matter Jurisdiction. (D.I. 22.)

**II. Parties' Contentions**

By its Motion, WebXchange contends that it is entitled to fees under 28 U.S.C. § 1927, Rule 41(d) of the Federal Rules of Civil Procedure, and 35 U.S.C. § 285. With respect to § 1927, WebXchange contends that it is entitled to fees associated with both the California action and the present action. (D.I. 26, at 7.) WebXchange contends that Microsoft multiplied the proceedings between the parties, and that bad faith can be

2

inferred because Microsoft filed multiple baseless complaints when it knew, or should have known, that no subject matter jurisdiction existed. (<u>Id.</u> at 4-6.) Additionally, WebXchange argues that both the California action and the present action served to harass WebXchange and disrupt the Related Cases, and were not brought as a result of any reasonable fear of an infringement suit. (<u>Id.</u> at 7.) With regard to Rule 41(d), WebXchange contends it should be awarded fees associated with the California action because the Complaint in the present action was based on, and included many of the same claims raised in, the California action. (<u>Id.</u> at 8-9.) Finally, with regard to § 285, WebXchange contends that Microsoft knowingly advanced baseless arguments in the present action, and blatantly switched forums- from California to Delaware- to avoid a dismissal on the merits. According to WebXchange, these actions are "exceptional" and thus warrant the award of attorneys' fees. (<u>Id.</u> at 10.)

    Microsoft responds that the imposition of fees under § 1927 is inappropriate for several reasons. First, Microsoft contends that WebXchange is seeking fees against Microsoft itself under § 1927, and § 1927 applies to attorneys only, not to parties. (D.I. 30, at 6.) Second, Microsoft contends that § 1927 does not apply where a party has done nothing more than file a complaint and oppose a motion to dismiss. (<u>Id.</u>) Third, Microsoft contends that WebXchange cannot use § 1927 in this action to obtain fees

3

in the California action. (<u>Id.</u> at 7.) Fourth, Microsoft contends that its conduct in the present action was reasonable and not undertaken in bad faith. (<u>Id.</u> at 8.) Particularly, Microsoft argues that the California action and the present action involved separate instrumentalities, and therefore, different jurisdictional issues. (<u>Id.</u> at 9-10.)

With regard to Rule 41(d), Microsoft contends that the California action and the present action do not involve the same claim- that the declarations of invalidity and unenforcability sought in both actions were not "claims," and that the declarations of non-infringement sought in both actions involved different software and services. (<u>Id.</u> at 11-12.) Moreover, Microsoft contends that its conduct was not vexatious and thus does not warrant application of Rule 41(d). (<u>Id.</u> at 14.) Finally, with regard to § 285, Microsoft argues that WebXchange is not a prevailing party because the Court dismissed the Complaint for lack of subject matter jurisdiction, which is not a judgment on the merits. (<u>Id.</u> at 15.) In addition, Microsoft contends the present action is not exceptional because there was no gross injustice or bad faith litigation. (<u>Id.</u> at 16.)

**III. Discussion**

    A.   <u>Whether WebXchange Is Entitled To Fees Under 28 U.S.C. § 1927</u>

Section 1927 provides:

Any attorney or other person admitted to conduct cases in

> any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Therefore, § 1927 should only be invoked where the court finds "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; (4) doing so in bad faith or by intentional misconduct." In re Prudential Co. Am. Sales Practice Litig. Agent Action, 278 F.3d 175, 188 (3d Cir. 2002). "Although a trial court has broad discretion in managing litigation before it, the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings." Id. (quoting Zuk v. E. Pa. Psychiatric Institute, 103 F.3d 294, 297 (3d Cir. 1996)). Accordingly, "courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice." LaSalle Nat'l Bank v. First Conn. Holding Group, LLC, 287 F.3d 279, 288 (3d Cir. 2002)(quoting Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986)).

The imposition of attorney sanctions under § 1927 is not warranted in this action because the Court is not persuaded that Microsoft's counsel acted with bad faith. Microsoft chose to file its initial declaratory judgment action concerning the patents-in-suit in California, despite the fact that the Related

5

Cases were pending in this district. However, Microsoft's explanation that it first filed in California because the patent owner and the named inventor reside there is reasonable. In addition, the Court is not convinced that Microsoft knew or should have known that subject matter jurisdiction would be lacking in this action because subject matter jurisdiction was lacking in the California action. The cases, while similar, are not identical. In the California action, Microsoft sought a declaration of non-infringement with regard to Visual Studio- a product which both parties agreed had not been accused of infringement. In contrast, in the present action, Microsoft sought a declaration of non-infringement with regard to MapPoint, in part because Microsoft contended that WebXchange accused MapPoint of infringement in the Related Cases. Although the Court ultimately concluded that WebXchange's accusations were "against a larger FedEx system, of which FedEx's use of MapPoint is just one part," in the Court's view, Microsoft's contentions with regard to subject matter jurisdiction were not frivolous.

    B.    <u>Whether WebXchange Is Entitled To Fees Under Rule 41(d)</u>

In relevant part, Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claims against the same defendant, the court may order the plaintiff to pay all or part of the costs of that

previous action." Fed. R. Civ. P. 41(d)(1). "This rule permits a court to award costs to a party required to twice defend the same action where the facts of a case warrant such an award." Huntley, L.L.C. v. Monterey Mushrooms, Inc., C.A. No. 08-377-GMS, 2009 WL 2992553, at *3 (D. Del. Sept. 18, 2009)(citing Meredith v. Stovall, 216 F.3d 1087, 2000 WL 807355 (10th Cir. 2000)(unpublished table decision)); see also 10 James Wm. Moore et al., Moore's Federal Practice § 54.102[2][e] (3d ed. 2009) ("Under 41(d), if a plaintiff has previously dismissed the same claim against the same defendant in any court, state or federal, the federal court may require the plaintiff to pay some or all of the costs of the previous action.")

The Court will not order Microsoft to pay the costs associated with the California action. Microsoft sought declarations of non-infringement involving the same patents-in-suit and the same underlying facts in both the California action and the present action, but the non-infringement claims concerned different products (Visual Studio in the California action and MapPoint and Virtual Earth in the present action). Moreover, the purpose of Rule 41(d) is not only "to prevent vexatious litigation," but also to "prevent forum shopping, 'especially by plaintiff who have suffered setbacks in one court and dismiss to try their luck somewhere else." Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000)(citing Robinson v. Nelson, No.

7

98-10802-MLW, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999)). Thus, Rule 41(b) is also meant to "prevent attempts to 'gain any tactical advantage by dismissing and refiling th[e] suit.'" Id. (citing Sewell v. Wal-Mart Stores, Inc., 137 F.R.D. 28, 29 (D. Kan. 1991)). WebXchange contends that Microsoft's withdrawal of its motion to amend in the California action "was plainly motivated by a desire to avoid an unfavorable ruling." (D.I. 26, at 6.) While somewhat questionable, Microsoft's conduct does not necessarily evidence forum shopping in light of the fact that the Related Cases are currently pending before this Court.[3]

    C.    Whether WebXchange Is Entitled To Fees Under 35 U.S.C. § 285

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The prevailing party must prove an exceptional case by clear and convincing evidence. Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1327 (Fed. Cir. 2003). The existence of an exceptional case may be proven by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified,

---

[3] "It is inherent in the court's discretionary power to award attorneys' fees 'when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" In re Elonex Phase II Power Mgmt. Litig., 279 F. Supp. 2d 521, 525 (D. Del. 2003) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). To the extent WebXchange urges the Court to exercise its discretionary power to award attorney fees even if fees are not warranted under § 1927 or Rule 41(d), the Court declines to do so in light of its finding that Microsoft has not acted in bad faith.

and otherwise bad faith litigation; a frivolous suit or willful infringement. Epcon Gas Sys., Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002)(citing Hoffmann-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000)). Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional. Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996). The Court of Appeals for the Federal Circuit has cautioned that an award of attorney fees under § 285 is not intended to be an "ordinary thing in patent cases," and that it should be limited to circumstances in which it is necessary to prevent "a gross injustice" or bad faith litigation. Forest Labs., 339 F.3d at 1329.

The Court will not order Microsoft to pay WebXchange attorney fees under § 285 because WebXchange has failed to prove by clear and convincing evidence that this is an exceptional case. As discussed in greater detail above, the Court does not find Microsoft to have engaged in bad faith litigation in pursuing the California action and the present action. There is no allegation of misconduct aside from the prosecution of these actions, and further, no other evidence in the record of unprofessional behavior by Microsoft's counsel. In light of the Federal Circuit's admonition that § 285 should be used in limited circumstances, the Court cannot conclude that the present action

rises to the level of an exceptional case.

**IV. Conclusion**

For the reasons discussed, WebXchange's Motion For Attorney's Fees (D.I. 24) will be denied.

An appropriate Order will be entered.